SHERWOOD, et al vs GAINESVILLE NAT'L BANK.

Opinion delivered October 5, 1901.

1. *Bills and Notes—Consideration—Evidence.*

In an action to recover upon certain promissory notes brought by an assignee of said notes, the makers pleaded failure of consideration known to the assignee at time of purchase or assignment of the notes, asserting that the makers of the notes had never been permitted to get possession of the lands for which the notes were given. On the trial the owner of the lands was asked if he had not asserted his claim at the instigation of a brother and father of the makers of the notes who were also connected with the transaction. *Held,* the question was properly admitted, there being also other evidence from which the jury might have arrived at the same conclusion.

2. *Instructions—Admissions.*

When defendant's answer, in an action upon a note, admits that "plaintiff has a good cause of action on which it is entitled to recover, except as the same may be defeated by the affirmative matters herein pleaded," and in letters from the defendants, introduced in evidence, is found an admission of the debt sued on, it is not error for the court to charge the jury that "the debt is admitted by the defendant."

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by the Gainesville National Bank against H. E.

Sherwood and others. Judgment for plaintiff. Defendants appeal. Affirmed.

This action was brought upon two certain promissory notes by the appellee (plaintiff below), which said notes were executed by appellants, H. E. Sherwood and Elswick Sherwood, defendants below, and delivered by them to Stevens & Hemming, and afterwards indorsed and transferred by them to the appellee. The defendants filed answer to the complaint of the plaintiff below, and in it admit that the plaintiff below (appellee here) has a good cause of action, except as the same may be defeated by affirmative matters herein pleaded, and then allege that the notes sued upon were given in consideration of the transfer of an interest in certain farms and pastures in the Chickasaw Nation, Ind. T., to the makers of said notes by the payees of said notes; that the payees of said notes had no right, title or interest of any description in and to said farms and pastures, or legal claim of any nature to the possession thereof, and that their pretended claim or interest was wholly groundless and unfounded, and by them known to be so at the time of said transfer; that one R. P. Short was the legal and equitable owner of said farms and pastures at said time, and that the makers of said notes obtained no right of possession, and were never in possession of said farms and pastures under said transfer, wherefore they say that said notes were wholly without consideration, and that they are not justly and legally liable for the payment of the same or any part thereof. And they further say that, if plaintiff below (appellee here) became the purchaser of said notes for value before maturity, it bought them with full notice and knowledge of the want of consideration herein stated, and pray that the plaintiff below take nothing by its suit. The case was tried to a jury, and the jury returned a verdict in favor of the plaintiff upon one of the notes sued upon, it being for the sum of $800. As to the other note, in the sum of $400, the plaintiff dismissed its action. The court rendered judgment on this verdict in favor of the plaintiff below

and against the defendants below in the sum of $989.98, and interest from date of judgment at 10 per cent., and for all costs. There having been a writ of attachment issued and levied in the case, and a bond to dissolve given, judgment was given against S. E. Sherwood, John R. Ralls, and R. F. Benton, as sureties upon said bond; the court directing that the property of the defendants be first exhausted. Defendants below filed their motion for a new trial, which was overruled. An appeal was allowed, and the defendants below given 60 days in which to prepare and file a bill of exceptions. and the case is brought here upon said bill for review.

Dunn & Jones, for appellants.

J. H. Harper and Potter & Potter, for appellee.

GILL, J.    Appellants' first assignment of error is that the court erred in refusing to instruct the jury to return a verdict for the defendants, as requested by defendants.    Upon examination of the record, we fail to see any error in this refusal.

The second assignment of error by appellants is that the court erred in permitting counsel for appellee to question R. P. Short, the owner of the property in controversy, if he had not asserted claim to the property in controversy at the request of S. E. Sherwood, and in permitting said question to be answered over the objection of appellants' counsel.    If this was error, was it prejudicial and hurtful to the rights of the appellants?    Appellants' counsel contend that it was, because it tended to create upon the minds of the jury the impression that Sherwood had inaugurated the proceedings by which Stevens & Hemming were excluded from the property under their contract with Campbell. An examination of the record shows that some time in June, 1897, S. E. Sherwood was indebted in a considerable sum to Stevens & Hemming; that he transferred certain property to them in part payment of this indebtedness, and that he further undertook to

convey to them a certain leasehold interest which he then and for some time prior had held, under said R. P. Short, in certain farming and pasture lands in the Chickasaw Nation, of which Stevens & Hemming were to have the use at a stipulated price per year if the other property turned over to them by said Sherwood did not fully pay their claim (see testimony of C. C. Hemming, and obligation and bill of sale); that a short time after this transfer said R. P. Short, at the instance and suggestion of said S. E. Sherwood, gave some sort of lease or right to the aforementioned Campbell, who, it seems, asserted his claim in opposition to that of Stevens & Hemming; that Stevens & Hemming made some agreement, for their protection against said claim, with Campbell, by which they and said Campbell were to occupy said premises together; that thereafter said R. P. Short himself asserted claim to the farming lands and pasture. According to Short's testimony, S. E. Sherwood was acting for him under a power of attorney in looking after this farming land and pasture. Considering this fact, the court is of the opinion that the court below did not commit error in allowing this question to be asked and answered; and, even if it did, we hardly think the error was prejudicial or harmful to the substantial rights of the defendants, because there was an abundance of other testimony in the case from which the jury might have gathered the impression complained of by appellants' counsel,—that S. E. Sherwood had inaugurated or suggested to Short the proceedings which he instituted to recover possession of the premises in question. It further appears from the record (see testimony of S. E. Sherwood, and letters of H. E. Sherwood to C. C. Hemming) that S. E. Sherwood was entangled to a considerable extent in the transactions and dealings out of which this action arose. His conduct in connection with these matters after having sold his interest to Stevens & Hemming is not deserving of commendation, to say the least.

Error and irregularity in the proceedings of the court when stating to the jury the issues of the case, in that the jury was told

that appellants admitted the debt, is the third ground upon which the appellants ask that this case be reversed. It is complained that the court below in its instruction to the jury stated that the "debt is admitted by defendants." The first paragraph of defendants' answer reads as follows: "(1) They admit that the plaintiff has a good cause of action upon which it is entitled to recover, except as the same may be defeated by the affirmative matters herein pleaded." In the letters of H. E. Sherwood to C. C. Hemming, president of the appellee bank, is found an admission of the debt for which the notes sued on were given. And this is an admission made after the notes had been transferred to the plaintiff below. While it might have been better to frame the instruction in slightly different form, in this respect, we think the pleadings and the evidence justified the court in giving this instruction. It is true that Elswick Sherwood had no part in the writing of these letters, but, considering all the facts in the case (that H. E. Sherwood was a brother of S. E. Sherwood, and Elswick Sherwood a son of S. E. Sherwood, who had had possession of these premises for a number of years, and was still connected with said R. P. Short), we think Elswick Sherwood, as well as H. E. Sherwood, must have known what were the rights of Stevens & Hemming as well or better than they did, and in the making of said notes was willing to take whatever risk there was of failure of consideration. That they knew of this at the time of giving the notes sued on is apparent from their agreement with Stevens & Hemming, where it is provided that, in case appellants should be deprived of the use of said property under certain conditions, the $400 note was to be of no effect; and we preusme it was the intention of appellee, in dismissing suit as to said $400 note, to observe this part of their agreement. We think the appellants were in as good or even better position to inform themselves of the nature and extent of the interest they were buying as the payees of said notes. We think there was no error in the instruction of the court; and, as the verdict was sustained by the

(3)

evidence, the court did not err in overruling the motion of defendants below for a new trial, which ruling is assigned as error. The judgment of the court below is affirmed.